UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| OKKO Business PE | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | CIV. NO. 14-cv-925 |
| | ) | |
| JACOB J. LEW | ) | |
| in his official capacity as | ) | |
| Secretary of the Department of the Treasury, | ) | **COMPLAINT** |
| | ) | |
| *Defendant* | ) | |
| And | ) | |
| | ) | |
| ADAM J. SZUBIN | ) | |
| in his official capacity as | ) | |
| Director of the Office of Foreign Assets Control | ) | |
| | ) | **ECF Case** |
| *Defendant,* | ) | |
| | ) | |
| And | ) | |
| | ) | |
| THE UNITED STATES DEPARTMENT | ) | |
| OF THE TREASURY, OFFICE OF FOREIGN | ) | |
| ASSETS CONTROL | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, OKKO Business, hereby files a complaint against Defendants United States Department of the Treasury Office of Foreign Assets Control ("OFAC"), Secretary of the Treasury Jacob J. Lew, Director of the Office of Foreign Assets Control Adam J. Szubin and petitions this Court to issue a Declaratory Judgment, or alternatively, an Injunction requiring OFAC to take

immediate action with respect to Plaintiff's request to unblock funds currently held at Citibank, N.A. In support of the Complaint, Plaintiff shows as follows:

## NATURE OF THE CASE

1. On May 4, 2012, pursuant to Executive Order 13405, and the Belarus Sanctions Regulations, 31 C.F.R. Part 548, Citibank N.A. blocked a wire transfer worth 200,000.00 Euro originating from Plaintiff.

2. Plaintiff sought to unblock the funds in accordance with 31 C.F.R. § 501.801 as required by Defendants. However, both of Plaintiff's unblocking license applications were denied.

3. Because of Defendants' denials, Plaintiff has suffered damages in the amount of $258,705.53 U.S. dollars.

4. Through this action, Plaintiff seeks a decision from this Court ordering Defendants to unblock the funds currently held at Citibank because Defendants have violated several provisions of the Administrative Procedure Act.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question); 5 U.S.C. § 706(2) of the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201(a), 2202 of the Declaratory Judgment Act.

6. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and (e); and 5 U.S.C. § 703.

## PARTIES

7. Plaintiff is a corporate entity incorporated and operated in the country of Ukraine. Plaintiff is one of the largest companies in the Ukraine. It has a substantial presence in Ukraine's energy industry and operates over 400 consumer gas filling stations throughout the country.

8. Defendant Office of Foreign Assets Control ("OFAC") is a United States federal administrative agency located at the U.S. Department of the Treasury, 1500 Pennsylvania Ave., NW, Treasury Annex, Washington, DC 20220.  Plaintiff is informed and believes that OFAC is responsible for making decisions regarding the administration of the Belarus Sanctions Regulations, codified at 31 C.F.R. Part 548.

9. Defendant United States Department of the Treasury is responsible for the financial and economic security of the United States.  The Department of the Treasury is also responsible for overseeing various offices including OFAC.

10. Defendant Jacob J. Lew is the Secretary of the Treasury of the United States. Mr. Lew is sued in his official capacity.

11. Defendant Adam Szubin is the Director of OFAC.  Mr. Szubin is sued in his official capacity.

**BACKGROUND AND FACTS**

12. On June 16, 2006, former President George W. Bush signed Executive Order 13,405, Blocking Property of Certain Persons Undermining Democratic Processes or Institutions in Belarus pursuant to the International Emergency Economic Powers Act ("IEEPA").  Specifically, the President determined "that the actions and policies of certain members of the Government of Belarus and other persons to undermine Belarus' democratic processes or institutions, manifested most recently in the . . . undemocratic March 2006 elections, to commit human rights abuses . . . and to engage in public corruption . . . constitute an unusual and extraordinary threat to the . . . United States."

13. The Belarus Sanctions Regulations were subsequently codified at 31 C.F.R. Part 548, and are administered by the U.S. Department of the Treasury's Office of Foreign Assets Control.

14. On April 3, 2012, Plaintiff entered into a simple deposit agreement with UE Belarusian Oil Trading House in Minsk, Belarus. The purpose of the agreement was to participate in an auction organized by UE Belarusian Oil Trading House in order to purchase certain oil products. [Exhibit A – *Deposit Agreement, April 3, 2012*].

15. Plaintiff, as a Ukrainian entity, executed the agreement in full compliance with the laws of Ukraine.

16. To effectuate payment, Plaintiff authorized payment from its account held at CITI Bank Ukraine to an account held by UE Belarusian Oil Trading House at CJSC "JSCB" Belrosbank. Payment was effectuated through an intermediary financial institution, Citibank, N.A., located in London, United Kingdom.

17. The entire transaction, including payment, was intended to take place outside of the United States. This is evidence by the fact that payment was to be effectuated between financial institutions located in Europe and payment was initially made in Euros.

18. Citibank, N.A., is a U.S. entity and as such, is subject to U.S. laws and regulations, including the Belarus Sanctions Regulations administered by OFAC. 31 C.F.R. §§ 548.201, 548.312.

19. Unbeknownst to Plaintiff, UE Belarusian Oil Trading House was added to the List of Specially Designated Nationals and Blocked Persons on May 15, 2008 pursuant to Executive Order 13,405.

20. Plaintiff initiated payment to UE Belarusian Oil Trading House on May 4, 2012. Subsequently, acting in accordance with the Belarus Sanctions Regulations, Citibank N.A. blocked the wire transfer worth 200,000.00 Euro originating from Plaintiff. The funds in question were then converted to $258,705.53 U.S. dollars.

21. In accordance with OFAC regulations, on May 30, 2012, Plaintiff submitted a standard unblocking application through OFAC's website requesting that its funds be unblocked. 31 C.F.R. § 501.801(b)(2). [Exhibit B – *Unblocking License Application, May 30, 2012*].

22. The application was denied by OFAC on October 12, 2012. [Exhibit C – *OFAC Denial Letter, October 12, 2012*].

23. Plaintiff's second unblocking application, filed on March 1, 2013, detailed the facts and circumstances of the blocked funds, including Plaintiff's unwitting and innocent transaction with the blocked entity, UE Belarusian Oil Trading House. [Exhibit D – *Unblocking License Application, March 1, 2013*].

24. On September 6, 2013, Plaintiff's second unblocking application was denied by OFAC in a one-page letter simply stating that a "license to release blocked funds would be inconsistent with OFAC policy." [Exhibit E – *OFAC Denial Letter, September 6, 2013*].

25. According to 31 C.F.R. § 501.802, OFAC's decision regarding the license application constitutes final agency action.

26. Prior to this blocking, Plaintiff, a Ukrainian entity, had no idea that UE Belarusian Oil Trading House was alleged to have participated in the activities highlighted in Executive Order 13,405, specifically broader democratic and human rights issues.

27. Since learning of the designation, Plaintiff has ceased all transactions with UE Belarusian Oil Trading House and has taken remedial steps to effectively extinguish the entity's interest in the blocked funds, specifically rescinding the underlying contract and providing assurances to OFAC under penalty of perjury that no further transactions will take place. [Exhibit F – *Unilateral Termination*; Exhibit G – *Declaration of Yuriy Kuchabskyy*].

28. The steps taken by Plaintiff have thereby extinguished the very circumstances legally justifying the blocking. However, OFAC has unlawfully failed to recognize such facts and maintained that a blocking is still warranted.

29. OFAC's decision to deny Plaintiff's unblocking license application and to have the funds remain blocked has resulted in violations under the APA and Plaintiff has been significantly harmed as a result.

30. Pursuant to the APA and to the extent necessary, a "reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 U.S.C. § 706.

31. Through the filing of the instant Complaint, Plaintiff seeks appropriate relief from the Court to alleviate the harm caused by Defendants' violations under the APA.

## CAUSES OF ACTION

## CLAIM I – ARBITRARY AND CAPRICIOUS ACTION

32. Plaintiff re-alleges and fully incorporates by reference the allegations in paragraphs 1-31 above.

33. An agency's action shall be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

34. OFAC's decision to deny Plaintiff's unblocking license application, thereby requiring that the funds remain blocked represents arbitrary and capricious agency action.

35. OFAC failed to examine relevant information and articulate a satisfactory explanation for its actions. As such, it has not met its obligations under the APA to establish a rational basis between the relevant facts and its decision regarding Plaintiff's unblocking license application.

36. OFAC's failure to render a decision that is rationally based has substantially harmed Plaintiff and continues to do so as long as the funds remained blocked.

## CLAIM II – EXCESS OF STATUTORY JURISDICTION

37. Plaintiff re-alleges and fully incorporates by reference the allegations in paragraphs 1-31 above.

38. An agency's action shall be set aside if it is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C).

39. OFAC's decision to deny Plaintiff's unblocking request, thereby requiring the funds to remain blocked exceeds the agency's statutory authority because UE Belarusian Oil Trading House no longer retains a cognizable interest in the funds.

40. Plaintiff has taken steps to nullify the blocked party's interests in the funds by unilaterally terminating the underlying agreement with UE Belarusian Oil Trading House, thus ensuring that if the funds were to be unblocked they would revert back to Plaintiff. Plaintiff has also provided assurances to Defendants that it will not engage in future transactions with UE Belarusian Oil Trading House.

41. The designated entity's interests in the property have been completely extinguished through the actions of the Plaintiff. As such, the designated entity no longer retains an interest, direct or indirect, in the property. 31 C.F.R. § 548.305.

42. The denial of Plaintiff's unblocking license application and continued blocking of the funds exceeds the agency's statutory authority and is thus a direct violation of the APA.

## CLAIM III – UNWARRANTED BY THE FACTS

43. Plaintiff re-alleges and fully incorporates by reference the allegations in paragraphs 1-31 above.

44. A court may hold unlawful and set aside agency action that is found to be "unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court."  5 U.S.C. § 706(2)(F).

45. OFAC has violated, and continues to violate, 5 U.S.C. § 706(2)(F) by unlawfully issuing a decision unwarranted by the facts, and this Court should perform independent judicial fact finding and render OFAC's denial unlawful.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff OKKO Business demands all relief that is just and proper, including entry of a judgment from this Court:

a. Declaring that Defendants have violated 5 U.S.C. §§ 706(2)(A), (C) and (F) of the Administrative Procedure Act;

b. Issuing an injunction compelling OFAC to issue a license to unblock $258,705.53 of funds belonging to Plaintiff;

c. Awarding Plaintiff attorney's fees and costs; and

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.


Dated: May 30, 2014

Respectfully submitted,

 /s/ Erich C. Ferrari_____
Erich C. Ferrari, Esq.
Ferrari & Associates, P.C.
1455 Pennsylvania Ave., NW
Suite 400
Washington, DC 20004
Telephone: (202) 280-6370
Fax: (877) 448-4885
Email: Ferrari@ferrariassociatespc.com